IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATHRYN MULLEN, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:23-CV-1452-G-BH |
| | ) | |
| WALMART STORES, | ) | |
|     Defendant. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Statement of Inability to Afford Payment of Court Costs or Appeal Bond*, filed June 30, 2023 (doc. 4), should be **DENIED**, and the case should be dismissed.

**I.  BACKGROUND**

On June 30, 2023, the *pro se* plaintiff filed this action as relator on behalf of the United States of America, and she sought leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.) By *Notice of Deficiency and Order* dated July 10, 2023, she was notified that because it did not appear that she was licensed to practice law, she could not bring this action as relator for the United States without legal representation, and that she must obtain legal counsel for this action to proceed on its behalf.  (*See* doc. 6.)  She was also notified that if she sought to assert her own individual claims against the defendant, she could file an amended complaint that asserted her personal claims within fourteen days.  (*See id.*)  The notice and order specifically provided that if counsel had not entered an appearance on behalf of the United States, or if the plaintiff had not filed an amended complaint asserting only her own claims within fourteen days, dismissal of this case would be recommended. (*See id.*)

---

[1]  By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

The notice of deficiency and order also notified the plaintiff that her IFP application did not provide enough information for determination of whether IFP status was appropriate because it was not on the correct form. (*See id.*) She was ordered to file a properly completed and signed IFP application on the correct enclosed form within fourteen days if she wished to pursue her own personal claims. (*See id.*) She was specifically advised that a failure to comply with the order could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id.*)

More than fourteen days from the date of the notice of deficiency and order have passed, but no attorney has entered an appearance on behalf of the United States, and the plaintiff has not filed an amended complaint asserting her own claims, a properly completed and signed IFP on the correct form, or anything else.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff has not submitted a properly completed and signed IFP application as ordered.  She has therefore not shown that she will suffer undue financial hardship after payment of the $402.00[2] filing fee for this lawsuit, and her IFP motion should be denied.

---

[2]  A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*.  *See* District Court Miscellaneous Fee Schedule.

### III.  INVOLUNTARY DISMISSAL OF THE PLAINTIFF'S CLAIMS

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to comply with an order to file an amended complaint setting forth any claims she wished to pursue on her own behalf, as well as a properly completed and signed IFP application on the correct enclosed form. The order specifically warned that failure to comply with its terms would result in a recommendation that the case be dismissed. She has not filed anything else in the case since the order was issued.  Because the plaintiff failed to follow a court order or otherwise show that she intends to proceed with any claims on her own behalf, any claims on her behalf should be dismissed for failure to prosecute or follow orders of the court.

### IV.  DISMISSAL OF THE CLAIMS ON BEHALF OF THE UNITED STATES

In the federal courts of the United States, "parties may plead and conduct their own cases personally or by counsel."  28 U.S.C. § 1654.  Although individuals have the right to represent themselves or proceed *pro se* under this statute, an individual "is not representing himself when he brings an action solely as relator for another non-intervening party, including the United States, and therefore cannot do so *pro se*." *United States ex rel. Brooks v. Ormsby*, 869 F.3d 356, 357 (5th Cir. 2017); *see also Patton v. City of Westwego*, No. CV 20-3408, 2022 WL 3754192, at *6 (E.D. La. June 27, 2022) ("a pro se litigant, such as plaintiff, may not prosecute a False Claims Act suit"), *report and recommendation adopted*, No. CV 20-3408, 2022 WL 3716500 (E.D. La. Aug. 29, 2022),

3

*appeal dismissed sub nom. Patton v. Westwego City*, No. 22-30584, 2023 WL 2521889 (5th Cir. Feb. 27, 2023); *United States Dep't of the Treasury v. Seized Fed. Sec.*, No. 3:21-CV-393-D-BN, 2021 WL 1147583, at *1 (N.D. Tex. Feb. 26, 2021) "as a nonlawyer, [the plaintiff may not prosecute a qui tam *pro se*"), *report and recommendation adopted*, No. 3:21-CV-0393-D, 2021 WL 1140898 (N.D. Tex. Mar. 25, 2021), *appeal dismissed sub nom. United States Dep't of Treasury v. Seized Fed. Sec.*, No. 21-10388, 2021 WL 8154926 (5th Cir. July 19, 2021).

The plaintiff was notified that because she did not appear to be licensed to practice law, she could not bring this action as relator for the United States without legal representation, and that she must obtain legal counsel for this action to proceed on its behalf.  She was specifically advised that if counsel had not entered an appearance on behalf of the United States within fourteen days, dismissal of the case on its behalf would be recommended.  More than fourteen days have passed, but no attorney has entered an appearance on behalf of the United States.

## V.  RECOMMENDATION

The plaintiff's IFP motion should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless she files an amended complaint asserting her personal claims and a properly completed and signed IFP application on the correct form within the time for objecting to this recommendation, or by some other deadline set by the court.

Because the plaintiff may not prosecute this action on behalf of the United States without legal counsel, the claims on its behalf should be dismissed without prejudice, unless licensed counsel enters an appearance on its behalf within the time for objection to this recommendation.

4

**SO RECOMMENDED on this 3rd day of August, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE